FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

September 26, 2013

No. 04-13-00439-CV

Rodolfo Rivera **MUNOZ**,
Appellant

v.

**THE CITY OF BALCONES HEIGHTS**; The City of San Antonio; The State of Texas and
Star Shuttle,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-01985
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

Appellant Rodolfo Rivera Munoz filed a declaratory judgment action against the City of Balcones Heights, the City of San Antonio, the State of Texas, and Star Shuttle. Each defendant filed a plea to the jurisdiction. The clerk's record, which was filed in this court on September 23, 2013, establishes the trial court granted the pleas filed by the City of Balcones Heights, the City of San Antonio, and the State of Texas. However, we can find no document in the clerk's record disposing of the plea filed by Star Shuttle or otherwise disposing of appellant's claims against Star Shuttle. This court contacted the office of the district clerk to determine if any document relating to Star Shuttle's plea had been omitted from the record and were told no documents were omitted. Moreover, appellant's notice of appeal in fact states he is appealing only the orders granting the pleas filed by the City of Balcones Heights, the City of San Antonio, and the State of Texas. But appellant did not non-suit his claims against Star Shuttle nor does it appear he filed a request for a severance or obtained an order granting a severance of the claims against Star Shuttle. Accordingly, it appears appellant's claims against Star Shuttle have not been disposed of by order or otherwise.

A judgment or order is final for purposes of appeal if it actually disposes *of all pending parties and claims before the court*. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (emphasis added). It appears there is no final judgment or order in this case because the claims against Star Shuttle have not been disposed of by the trial court. Unless the claims against Star Shuttle have been disposed of, the orders in this case are interlocutory, and there is no final, appealable order or judgment.

Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2012). We cannot, however, find any statutory authority that allows an interlocutory appeal under these circumstances.

We therefore **ORDER** appellant to show cause in writing on or before **October 28, 2013**, why this appeal should not be dismissed for lack of jurisdiction. We **ORDER** all appellate deadlines suspended pending our determination of whether we have jurisdiction over this appeal.

We further **order** the clerk of this court to serve a copy of this order on appellant, all counsel, and the district clerk.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of September, 2013.

Keith E. Hottle
Clerk of Court